IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DISNEY,

      Plaintiff,                         No. CIV S-06-1124 MCE EFB P

      vs.

GRAY DAVIS,

      Defendant.                    <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

       Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On June 16, 2006, the court found that plaintiff's initial complaint failed to state any cognizable claim for relief, explained the complaint's deficiencies and the requirements of an amended complaint. The court dismissed the complaint with leave to amend. On October 3, 2006, plaintiff filed an amended complaint.

       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief. The allegations and claims in the first amended complaint are substantially the same as those in the initial complaint.

       In his complaint, plaintiff alleges: While defendant Gray Davis was employed as California State Controller, around April or June 4th or 6th of 1972, he called plaintiff and

1

1   requested $160,000,000.00 for the "infrastructure and construction of the Interstate 210 freeway
2   in . . . Los Angeles County." Compl. at 2.  Plaintiff hired defendant George W. Bush as a
3   business consultant who made the arrangement of plaintiff and defendant to make the oral
4   business transaction whereby defendant Davis would provide plaintiff with a liver transplant
5   should plaintiff ever need one.  Compl. at 2-3.  Defendant Davis has breached this oral contract,
6   violating plaintiff's civil rights, because he has failed to provide plaintiff with a liver transplant.
7           To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant
8   deprived plaintiff of a right secured to him by the Constitution or laws of the United States while
9   acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim
10  defendants provided constitutionally inadequate medical care, plaintiff must allege acts or
11  omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical
12  needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837
13  (1994).  Neither negligence on the part of defendants nor plaintiff's general disagreement with
14  the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v.*
15  *United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th
16  Cir. 1996).  Plaintiff he has not named any individual who is or was directly responsible for his
17  medical care and who has been deliberately indifferent to his serious medical needs.
18          Insofar as plaintiff seeks to bring an action for breach of contract, that is not a cause of
19  action arising under 42 U.S.C. § 1983.  Defendant's failure to honor the alleged contract, even if
20  it were enforceable, implicates no federal constitutional right.
21          Plaintiff's allegations do not satisfy the standards set out above.  This action must be
22  dismissed.
23          Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's
24  failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128
25  (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file
26  amended complaint unless the court can rule out any possibility that the plaintiff could state a

1 claim).

2 These findings and recommendations are submitted to the United States District Judge
3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
4 after being served with these findings and recommendations, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
7 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
8 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
9 Dated:  July 17, 2007.

　　　　　　　　　　　　　　　／s/ Edmund F. Brennan
　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE